IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**NICHOLAS PFLAGER,**  CASE NO. 3:21 CV 1813

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**FULTON COUNTY CSEA,**

    Defendant.  **MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Nicholas Pflager filed this action against the Fulton County Child Support Enforcement Agency ("CSEA"), seeking one hundred million dollars in damages. (Doc. 1). For the following reasons, this action is dismissed.

### BACKGROUND

Plaintiff's Complaint contains disjointed, conclusory statements of law and very few factual details, but it appears to be an attempt to challenge a state court judgment requiring him to pay child support. Plaintiff "object[s] to the judgment for child support" and alleges the "child support contract is unfair, oppressive, and there was never any consent[] to enter into contract." *Id.* at 6-7. He "demands for this order to cease[] and desist." *Id.* The Complaint includes the following exhibits: a letter indicating Plaintiff has received a trademark on "Nicholas Adam Pflager"; "cease and desist" letters addressed to Fulton County Child Support; and Fulton County CSEA income withholding orders. *See* Docs. 1-1 to 1-13.

### STANDARD OF REVIEW

By separate order, the Court granted Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). Accordingly, because Plaintiff is proceeding *in forma pauperis*, his Complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 52 (1972). Courts are not required, however, to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## DISCUSSION

As an initial matter, Defendant Fulton County CSEA is not *sui juris* and therefore cannot be sued. *See Rose v. Dep't of Children & Family Servs.*, 2019 WL 2123067, at *2 (N.D. Ohio) (Cuyahoga County Department of Children and Family Services not *sui juris* and cannot be sued in its own right) (collecting cases). Plaintiff's claims against Defendant Fulton County CSEA must therefore be dismissed.

Moreover, even if Fulton County CSEA was a proper party, Plaintiff's claims must still be dismissed.

First, Plaintiff's claims are barred by *res judicata*. The common law rules of *res judicata* and collateral estoppel preclude a plaintiff from filing a federal civil rights action to relitigate matters already decided in state court proceedings. *Allen v. McCurry*, 449 U.S. 90, 96-97 (1980). Under *res judicata*, a final judgment on the merits of an action precludes parties from relitigating issues that were or could have been raised in the prior action. *Id.* at 94. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may

preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Id.* And federal courts are required by statute to give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).

To the extent Plaintiff seeks to relitigate claims concerning prior child support determinations, those claims are precluded by *res judicata*, as they were or could have been raised in the state court proceedings and those proceedings resulted in a final judgment.

Second, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state-court decisions since only the Supreme Court has jurisdiction to review such claims. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Based on this premise, the *Rooker-Feldman* doctrine precludes federal district courts from asserting jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

Thus, to the extent Plaintiff is seeking relief from the consequences of state proceedings concerning child support, this Court lacks jurisdiction over his claim.

Accordingly, the Court finds Plaintiff's Complaint fails to state a claim for relief that is plausible on its face.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. 3) is DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE